# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37561

DANIEL S. GARNER and SHERRI-JO
GARNER husband and wife; NOLA
GARNER, a widow and NOLA GARNER as
trustee of the NOLA GARNER LIVING
TRUST, dated July 29, 2007,

    Plaintiffs-Respondents,

v.

BRAD POVEY and LEIZA POVEY, husband
and wife,

    Defendants-Appellants,

and

HAL J. DEAN and MARLENE T. DEAN,
husband and wife, DOUGLAS K. VIEHWEG
and SHARON C. VIEHWEG, husband and
wife, JEFFREY J. NEIGUM and
KATHLEEN A. NEIGUM as trustees of the
JEFFERY J. NEIGUM and KATHLEEN A.
NEIGUM REVOCABLE TRUST, dated
September 17, 2004; FIRST AMERICAN
TITLE INSURANCE COMPANY, a foreign
title insurer with an Idaho certificate of
authority; and FIRST AMERICAN TITLE
COMPANY, INC., an Idaho corporation,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
).

Boise, June 2011 Term

2011 Opinion No. 88

Filed: August 4, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. The Honorable Stephen S. Dunn, District Judge.

The decision of the district court is <u>affirmed</u> in part and <u>reversed</u> in part and the case is <u>remanded</u>.

Atkin Law Offices, P.C., Bountiful, Utah, for appellants. Blake S. Atkin argued.

1

Beard St. Clair Gaffney PA, Rexburg, for respondents. Michael D. Gaffney argued.

_____

J. JONES, Justice.

Following the decision of this case on the merits, the Appellants sought an award of attorney fees under the "commercial transaction" prong of I.C. § 12-120(3) and for frivolous litigation under I.C. § 12-121. The district court denied fees on both grounds. We affirm the denial of fees under I.C. § 12-121, but reverse the denial under I.C. § 12-120(3).

## I.
## Factual and Procedural Background

This case arose out of a dispute as to the easement rights of the Respondents over property formerly owned by the Appellants. On May 22, 1987, Daniel Garner entered into a contract to purchase a forty-acre parcel of real property located in Franklin County from Ralph and Thelma McCulloch. The contract of sale purported to provide Daniel an easement across the McCullochs' property, but the warranty deed whereby the McCullochs conveyed the property to Daniel did not grant an easement. As a result, Daniel did not obtain an express easement. However, as the district court subsequently determined, Daniel ultimately acquired an easement either by prescription or prior use.[1] The parties refer to this easement as "the original access road."

On May 23, 1990, Brad[2] and Leiza Povey (the Poveys) acquired, by warranty deed, the remaining property owned by the McCullochs. As a result of that transaction, the Poveys acquired the property containing the original access road. The warranty deed conveying the property to the Poveys does not mention any easement in favor of Daniel. In the district court, the Poveys conceded that Daniel was entitled to an easement across the property, but they disputed the location and the scope of the easement.

In 1992, the Poveys conveyed, by warranty deed, some of the property that they had acquired from the McCullochs to Daniel's parents, Gary and Nola Garner. This property is adjacent to Daniel's property. The Poveys retained the property containing the original access road. Although the property that Gary and Nola acquired from the Poveys was not accessible without crossing the Poveys' property, the warranty deed did not grant an easement in favor of the Garners.

_____

[1] When this action was commenced in 2008, Daniel had been using the original access road since he obtained the forty-acre parcel from the McCullochs in 1987.
[2] Sherri-Jo Garner is Daniel Garner's wife. Brad Povey is Sherri-Jo Garner's uncle.

The deed contained the following language:

> TO HAVE AND TO HOLD the said premises, with their appurtenances unto the said Grantees, their heirs and assigns forever. And the said Grantors do hereby covenant to and with the said Grantees that they are the owners in fee simple of said premises; that they are free from all incumberances and that they will warrant and defend the same from all lawful claims whatsoever.

Before the district court, the Garners argued that, because the warranty deed conveyed the property along with its "appurtenances," the Poveys' right to use the original access road was conveyed to Nola and Gary. The district court determined that no express easement was granted to the Garners in the warranty deed, but concluded that Gary and Nola had an easement across the original access road by prescription or prior use.[3]

Over the next thirteen years, the Poveys conveyed to several other grantees, none of whom are parties to this appeal, portions of the land adjacent to the Garners. During that time, there has apparently been confusion and dispute as to the exact location and nature of the Garners' easement and the extent to which the Poveys' successors in interest were on notice of, and recognized, the easement. Indeed, it was the Poveys', and their successors', alleged interference with the easement that gave rise to this action.

Daniel Garner, Sherri-Jo Garner, Nola Garner, and Nola Garner as trustee of the Nola Garner Living Trust (the Garners), filed suit against the Poveys alleging that (1) the Poveys physically interfered with the Garners' easement by plowing over the original access road; (2) the Poveys wrongfully conveyed their property without mentioning the Garners' easement in the deeds; and (3) the Poveys breached their duty, arising from the 1992 warranty deed between the Poveys and Gary and Nola Garner, to warrant and defend the Garners' easement. At the time the suit was filed, the Poveys no longer owned the land upon which the original access road is located.

The district court ultimately granted summary judgment in favor of the Poveys. The district court determined that the Poveys did not breach any duties owed to the Garners by transferring the property without specifically mentioning the Garners' easement in the deeds because a servient estate holder has no duty, upon sale of the servient estate, to protect implied or prescriptive easements. The court further determined that the Poveys did not physically interfere with the

---

[3] After Gary Garner passed away in 2005, Daniel obtained an interest in the property that Gary and Nola had acquired from the Poveys. Daniel was also gifted a portion of the property from Nola Garner. Nola also transferred a portion of her interest in the property to the Nola Garner Living Trust, of which Nola is the sole trustee. Therefore, Daniel Garner, Sherri-Jo Garner, Nola Garner, and the Nola Garner Living Trust all claim an interest in the property that the Poveys conveyed to Nola and Gary Garner in 1992.

Garners' easement. Indeed, the district court found that the Garners were not prejudiced by the Poveys' act of plowing over the original access road, and that the plowing merely caused a minor inconvenience that did not constitute an unreasonable interference with the easement. The district court did not directly address the Garners' breach of warranty claim.

Following the favorable summary judgment ruling, the Poveys submitted a memorandum of costs and attorney fees. The Poveys requested attorney fees pursuant to I.C. § 12-121 on the ground that the Garners brought and pursued the action frivolously, unreasonably, or without foundation, and pursuant to I.C. § 12-120(3) on the ground that the action involved a commercial transaction. In support of their claim for attorney fees under I.C. § 12-120(3), the Poveys argued that the Garners' claims were based on the transaction between the Poveys and Nola and Gary Garner in 1992 whereby Nola and Gary purchased property from the Poveys and that such transaction was commercial in nature. The Poveys also argued that the Garners attested, under oath, in their verified complaint that their action involved a commercial transaction. The district court ultimately denied the Poveys' request for attorney fees under both I.C. § 12-121 and I.C. § 12-120(3), and the Poveys timely appealed to this Court.

## II.
### Issues on Appeal

I.   Whether the district court erred in granting the Garners' motion to strike the affidavit of Jeff Neigum?

II.  Whether the district court erred in denying the Poveys' request for attorney fees under I.C. § 12-121?

III. Whether the district court erred in denying the Poveys' request for attorney fees under I.C. § 12-120(3)?

IV.  Whether either party is entitled to attorney fees on appeal?

## III.
### Discussion

**A.    The district court did not abuse its discretion in granting the Garners' motion to strike the affidavit of Jeff Neigum.**

The Poveys assert that the Garners bought this action against the Poveys because Daniel and Sherri-Jo Garner were involved in a family dispute with Brad Povey, and wanted to use litigation as a way to get even. In support of their request for attorney fees pursuant to I.C. § 12-121, the Poveys submitted an affidavit from Jeff Neigum, wherein he testified that,

> [Daniel Garner] had a personal vendetta against Brad Povey and was hoping to make us mad at Brad so that we would sue him. He even told me some of the

4

details about the trouble between him and Brad Povey. He told me that Brad had intervened with Brad's father (the grandfather of Dan Garner's wife, Sherri-Jo) to keep him from selling to Dan and Sherri-Jo the Troy Grave's dairy. That intervention by Brad had made Dan and Sherri-Jo very angry with Brad and that is why Dan wanted to make us mad so that we would sue Brad. . . . I feel we were embroiled in this lawsuit because Dan Garner wanted to get even with Brad Povey for a completely unrelated event.

The district court granted the Garners' motion on the ground that the testimony in the affidavit was not relevant to the issue of whether the Poveys were entitled to attorney fees under I.C. § 12-121. More specifically, the district court concluded that,

a claim under I.C. § 12-121 must be based on an analysis of the legal positions taken in the case, and not on extraneous factors. . . . [T]he facts asserted in the affidavit are irrelevant to the question of whether Garners pursued this case frivolously, unreasonably or without foundation. There may be a variety of motives for bringing any lawsuit, some appropriate and some not. But the only question to be considered by this Court is whether the legal theories and facts of the case were pursued in violation of I.C. § 12-121 and I.R.C.P. 54(e)(1). The Court has concluded [] that the issues raised in this case were fairly debatable and legitimate, even when resolved against the Garners.

The Poveys argue that the district court "made a critical error in the law applicable to its decision" by concluding that it must analyze the legal position taken by the Garners, and not extraneous factors, when determining whether attorney fees were appropriate under I.C. § 12-121. The Poveys assert that Jeff Neigum's testimony in the affidavit demonstrated that the Garners had an ulterior motive for filing suit against the Poveys and, therefore, it was relevant to the issue of whether the Garners pursued the action frivolously, unreasonably, or without foundation.

The district court determined, in essence, that the statements contained in the affidavit were irrelevant to the issue at hand. The court based its determination to strike the affidavit on I.R.C.P. 56(e), which pertains to affidavits filed in a summary judgment proceeding, but should have based its ruling on I.R.E. 402, which states that "[e]vidence which is not relevant is not admissible." "'The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion.'" *State v. Sheldon*, 145 Idaho 225, 228, 178 P.3d 28, 31 (2008) (quoting *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006)). In determining whether the district court abused its discretion, the Court considers (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with

5

the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Cantwell v. City of Boise*, 146 Idaho 127, 134, 191 P.3d 205, 212 (2008).

The Poveys fail to explain how the district court "made a critical error in the law" in concluding that Jeff Neigum's testimony was irrelevant to the question at hand. In many cases, the party bringing an action may have a variety of motives for doing so, some of which may be improper. But that fact is irrelevant when the party has a valid legal or factual basis for pursuing the action. Because the Poveys requested attorney fees under I.C. § 12-121, the *only* relevant inquiry is whether the Garners had a valid legal or factual basis for bringing the action. Therefore, the district court correctly perceived Mr. Neigum's testimony to be irrelevant to the fee issue and did not err in granting the Garners' motion to strike his affidavit.

**B.      The district court did not abuse its discretion in denying the Poveys' request for attorney fees under I.C. § 12-121.**

The Poveys contend that the Garners pursued this action frivolously, unreasonably, and without foundation. The Poveys argue that when the Garners brought this suit, the Poveys did not own any of the property involved, nor did the Poveys do anything to interfere with the Garners' use of the easement or deny the Garners' right to an easement. They thus conclude that the action was without merit.

In denying the Poveys' request for attorney fees under I.C. § 12-121, the district court concluded that,

> This case raised important questions concerning the types of easements Garners had, what Poveys' responsibilities were regarding those easements, and whether Poveys had improperly interfered with those easements, either by physically plowing over them or in the [subsequent] conveyances. . . . While the Court concluded as a matter of law that Poveys had no duty with regard to [another grantee's] deed, Poveys' duty was a serious and debatable question. There was a paucity of cases dealing with the duties of the servient estate holder with regard to any duty to protect the holder of a prescriptive or prior use easement and the Court had to carefully analyze many cases to decide what the duty was and whether Poveys breached that duty. . . . The Court finds that the many questions discussed in this case about the scope of the easements and Poveys' duties were "fairly debatable" and required substantial legal analysis for resolution. Under this standard, the Court is not left with the abiding belief that Garners' claim was pursued frivolously, unreasonably or without foundation.

> Fees under I.C. § 12-121 are not awarded to a prevailing party as a matter of right but,

6

rather, are subject to the district court's discretion.[4] *Coward v. Hadley*, 150 Idaho 282, 290, 246 P.3d 391, 399 (2010). A district court should only award fees "when it is left with the abiding belief that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *C & G, Inc. v. Rule*, 135 Idaho 763, 769, 25 P.3d 76, 82 (2001) (internal quotation marks omitted).[5] However, "when a party pursues an action which contains fairly debatable issues, the action is not considered to be frivolous and without foundation." *Id.* A claim is not necessarily frivolous simply because the district court concludes it fails as a matter of law. *Gulf Chem. Employees Fed. Credit Union v. Williams*, 107 Idaho 890, 894, 693 P.2d 1092, 1096 (Ct. App. 1984). Furthermore, "[a] misperception of the law, or of one's interest under the law is not, by itself, unreasonable. Rather, the question is whether the position adopted was not only incorrect, but so plainly fallacious that it could be deemed frivolous, unreasonable, or without foundation." *Snipes v. Schalo*, 130 Idaho 890, 893, 950 P.2d 262, 265 (Ct. App. 1997) (internal citation omitted) (internal quotation marks omitted).

A district court's denial of fees under I.C. § 12-121 will not be overturned absent an abuse of discretion. *Chavez v. Barrus*, 146 Idaho 212, 225, 192 P.3d 1036, 1099 (2008). In this case, the district court did not abuse its discretion. The district court correctly perceived the I.C. § 12-121 issue as a matter within its discretion. The judge recognized that if he found the Garners pursued this action frivolously, unreasonably, or without merit, he could award fees to the Poveys. He then considered the relative merit of the Garners' claims in light of the limited case law on the subject finding them colorable despite failing as a matter of law. Furthermore, the district court addressed the Poveys' arguments regarding the Garners' motives for bringing the suit and their alleged failure to negotiate, appropriately finding both to be irrelevant in the I.C. § 12-121 analysis. Finally, after concluding that the Garners raised fairly debatable issues, the district court was not left the abiding belief that the Garners' action was frivolous, unreasonable, or without foundation. Accordingly, the district court did not abuse its discretion in denying fees under I.C. § 12-121.

---

[4] I.C. § 12-121 provides:
> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

[5] According to I.R.C.P. 54(e),
> attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation. . . .

**C.     The Poveys are entitled to fees under I.C. § 12-120(3).**

The Poveys assert that the district court erred in failing to award them attorney fees under I.C. § 12-120(3). They present two arguments in support of their fee claim. First, they contend that by alleging in their complaint that the suit was a commercial transaction within the meaning of I.C. § 12-120(3) the Garners "triggered" the application of that section, entitling them to a fee award. Second, they assert that the transaction was, in fact, commercial in nature and, therefore, they are entitled to a fee award. The Garners counter that the trigger argument is without legal support and that the only way the Poveys could obtain a fee award is to establish that there was a transaction between the parties that was commercial in nature. The Garners submit there is nothing in the record to establish that any transaction between the parties could be characterized as being a commercial one.

In its ruling, the district court noted, "Poveys first assert that because Garners alleged, in the Complaint, that this case involved a commercial transaction, it must be deemed one and attorney fees must be allowed to the prevailing party." The court rejected this contention based on its interpretation of the holding in *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 36 P.3d 218 (2001). The court went on to examine the nature of the Garners' action, finding that it was a dispute about the type of easement the Garners had acquired and whether the Poveys had a legal duty to protect that easement. According to the district court, "the primary purpose of this litigation was to confirm N[ola] Garner's easement right and to seek damages if that right was lost or interfered with, either physically or by conveyance, by Poveys." The district court noted that any commercial transaction in the case was incidental to the primary purpose of the litigation.

Disregarding the allegations of the complaint, there was little evidence before the district court that would establish the action as being commercial in nature. In their fee request to the district court, the Poveys failed to argue that the property was to be used for a commercial purpose. Indeed, it was first argued by the Poveys on appeal that the 1992 sale was a commercial transaction because the property was to be used for commercial farming and hauling gravel. Thus, the Poveys' entitlement to fees must be based upon their first assertion—that they were entitled to fees because the Garners alleged in their complaint that the parties had engaged in a commercial transaction within the meaning of I.C. § 12-120(3), and that their action was based on such transaction. We conclude that the Poveys are entitled to attorney fees on this basis and

8

that the district court erred in concluding otherwise.

Whether a district court has correctly determined that a case is based on a commercial transaction for the purpose of I.C. § 12-120(3) is a question of law over which this Court exercises free review. *Great Plains*, 136 Idaho at 470, 36 P.3d at 222. Idaho Code § 12-120(3) allows for an award of attorney fees to the prevailing party in a civil action to recover "in any commercial transaction." A commercial transaction includes all transactions except those for personal or household purposes. I.C. § 12-120(3). In determining whether attorney fees should be awarded under I.C. § 12-120(3), the Court has conducted a two-step analysis: "(1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought." *Great Plains,* 136 Idaho at 471, 36 P.3d at 223 (internal quotation marks omitted). "The commercial transaction must be an actual basis of the complaint . . . . [T]he lawsuit and the causes of action must be based on a commercial transaction, not simply a situation that can be characterized as a commercial transaction." *Id.* In other words, the relevant inquiry is whether the commercial transaction constituted "the gravamen of the lawsuit," and was the basis on which a party is attempting to recover. *Id.* at 472, 36 P.3d at 224.

Pertinent to the inquiry as to whether allegations contained in a complaint can invoke application of I.C. § 12-120(3) is this Court's decision in *Magic Lantern Productions, Inc. v. Dolsot*, 126 Idaho 805, 892 P.2d 480 (1995). In that case we stated:

> In *Farmers Nat. Bank v. Shirey*, 126 Idaho 63, 878 P.2d 762 (1994), the Court said:
>
>> Where a party alleges the existence of a contractual relationship of a type embraced by section 12-120(3) . . . that claim triggers the application of [I.C. § 12-120(3)] and a prevailing party may recover fees even though no liability under a contract was established.
>
> *Id.* at 73, 878 P.2d at 772.
>
>> This same principle applies where the action is one to recover in a commercial transaction, regardless of the proof that the commercial transaction alleged did, in fact, occur.

*Id.* at 808, 892 P.2d at 483. This holding makes eminent sense and we, thus, reaffirm it. It would be anomalous to hold, as we have on a number of occasions, that a prevailing party is entitled to

9

attorney fees under the contract prong of I.C. § 12-120(3), where the opposing party has alleged a contract as the basis for recovery, even though no contract was established, and then not allow the prevailing party to recover under the commercial transaction prong of I.C. § 12-120(3) where the opposing party has alleged a commercial transaction as the basis of his claim.

The district court, however, citing *Great Plains*, asserted that the above holding in *Magic Lantern* had been rejected by this Court, quoting from that opinion as follows:

> There must be a commercial transaction between the parties for attorney fees to be awarded. To the extent that *Magic Lantern Productions, Inc. v. Dolsot*, 126 Idaho 805, 808, 892 P.2d 480, 483 (1995) may be read to mandate an award of attorney fees to the prevailing party when the other party has claimed fees pursuant to I.C. § 12-120(3), that interpretation is disavowed. A prevailing party may rely on I.C. § 12-120(3) if pled by another party for recovery of attorney fees <u>if it is warranted under the statute.</u> "[A] court is not required to award reasonable attorney fees every time a commercial transaction is connected with a case." *Bingham v. Montane Resource Associates*, 133 Idaho 420, 426, 987 P.2d 1035, 1041 (1999) (citing *Ervin Construction Co. v. Van Orden*, 125 Idaho 695, 704, 874 P.2d 506, 515 (1993)). [Emphasis added].

*Id.* at 471, 36 P.3d at 223. The district court misunderstood what statement in *Magic Lantern* this Court was disavowing in the above *Great Plains* quote. After the *Magic Lantern* quote that we have reaffirmed above, the Court went on to say, "Magic Lantern sought to recover on an alleged commercial transaction, as evidenced by Magic Lantern's request for attorney fees pursuant to I.C. § 12-120." *Id.* at 808, 892 P.2d at 483. Magic Lantern's fee request under I.C. § 12-120 only implied a commercial transaction. There was no contention that Magic Lantern actually pleaded a commercial transaction. *Great Plains* thus attempted to clarify that a mere request for attorney fees pursuant to I.C. § 12-120(3), without more, is not sufficient to trigger the commercial transaction prong of that section. In other words, neither a claim or request in the prayer of a complaint for fees under I.C. § 12-120(3), nor a request or claim for attorney fees in a memorandum of costs and fees, is sufficient to trigger application of that fee provision. A party seeking fees based on a mere request under I.C. § 12-120(3) must show that a commercial transaction was the gravamen of the action before a court may award fees. However, allegations in the complaint that the parties entered into a commercial transaction and that the complaining party is entitled to recover based upon that transaction, are sufficient to trigger the application of I.C. § 12-120(3).

10

It is true that a fee award was denied to Northwest Pipeline (NWP), the prevailing party in *Great Plains*, even though the losing party, Cate-Idaho, had claimed it was entitled to attorney fees under I.C. § 12-120(3) with regard to an unjust enrichment claim, upon which it subsequently failed to recover. 136 Idaho at 472, 36 P.3d at 224 ("In this case, attorney fees were requested for the separate claim of unjust enrichment pursuant to I.C. § 12-120(3), and the gravamen of that claim was a commercial transaction."). However, the Court held that attorney fees were not available under that statute because "[t]here was no transaction between the subcontractors and NWP. Consequently, NWP as the prevailing party cannot rely on I.C. § 12-120(3) for an award of attorney fees." *Id.* at 473, 36 P.3d at 225. Further, there was no contention that Cate-Idaho had alleged in its complaint that there was a commercial transaction between it and NWP. The Court simply held that a mere request for fees under § 12-120(3) is insufficient to establish such a transaction. Thus, *Great Plains* did not overrule the statement in *Magic Lantern* that a prevailing defendant can recover attorney fees under I.C. § 12-120(3) if the opposing party's complaint alleges a claim seeking to recover on a commercial transaction, even though it fails to prove that such transaction occurred.

In this case the Garners alleged in their complaint that:

The wrongful actions of [the Poveys] include plowing over Segment "A" of the Original Access Road to facilitate sale of their property; wrongfully conveying property without confirming the right-of-way now held by Daniel, his wife, Nola and the Nola Trust; warranting against the right-of-way; and by actions herein seeking to have Daniel, his wife, Nola and the Nola Trust lose all fully effective access rights. *By performing these wrongful actions, the Poveys breached the warranty contained in the Warranty Deed . . . .*

(emphasis added). The Garners' complaint continued, alleging that they

[brought] and pursue[d] this action to preserve their right-of-way and to recover damages against Defendants Brad Povey and Leiza Povey for their wrongful conduct in seeking to extinguish the right-of-way . . . . *The purchase of the real estate by Gary and Nola from Povey Defendants was a commercial transaction under Idaho Code Sec. 12-120(3) so Plaintiffs . . . should be entitled to recover their reasonable attorney fees* from Defendants Brad Povey and Lezia [sic] Povey.

Daniel and Nola Garner both affirmed these allegations under oath. The Garners did not simply invoke I.C. § 12-120 as a *potential* justification for fees; they pleaded it as the law governing the action and they alleged supporting facts in their verified complaint. A commercial transaction was thus integral to the Garners' claim and it was the basis upon which they sought to recover.

11

This was not a situation where, after the substantive litigation, a party seeking fees attempted to characterize the action as one based on a commercial transaction. Rather, according to the Garners' complaint, the gravamen of this action was a commercial transaction of the type embraced by I.C. § 12-120(3).

In this case, the Garners' allegations triggered application of the statute. Accordingly, the Poveys, as the prevailing party below, were entitled to fees under § 12-120(3). We therefore reverse the district court's contrary ruling and remand for further action consistent with this opinion.

**D.      The Poveys are entitled to fees on appeal.**

The Poveys also argue that they are entitled to attorney fees on appeal pursuant to I.C. § 12-120(3). As discussed above, the Garners' alleged that this action was based on a commercial transaction, which triggered § 12-120(3).  The Poveys are the prevailing party in this appeal and, accordingly, they are also entitled to fees under I.C. § 12-120(3) on appeal.

## IV.
### Conclusion

We affirm the district court in granting the Garners' motion to strike Jeff Neigum's affidavit and denying fees under I.C. § 12-121. We reverse the denial of attorney fees for the Poveys under I.C. § 12-120(3) and remand to the district court to determine an appropriate fee award. Finally, we award the Poveys costs and attorney fees on appeal.

Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.