# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48570

BRETT E. TERRELL and JENNY H. )
TERRELL, Husband and Wife, )
                                )
    Plaintiffs-Appellants, )
                                )
v. )
                                )
PARADIS DE GOLF HOLDING, LLC, an )
Idaho limited liability company, )
                                )
    Defendant-Respondent, )
                                )
and )
                                )
DOES 1-99, )
                                )
    Defendants. )
                                )

Coeur d'Alene, September 2022 Term

Opinion filed: March 24, 2023

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The district court's decision awarding attorney fees is <u>reversed</u>.

Macomber Law, PLLC, Coeur d'Alene, for Appellants. Arthur B. Macomber argued.

Randall | Danskin, P.S., Spokane, WA, for Respondent. Michael L. Wolfe argued.

---

ZAHN, Justice.

Appellants Brett and Jenny Terrell appeal from the district court's decision granting Respondent Paradis de Golf Holding, LLC attorney fees under Idaho Code section 12-120(3). For the reasons stated below, we reverse the district court's award of attorney fees.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, Appellants Brett and Jenny Terrell (the "Terrells") sued Respondent Paradis de Golf Holding, LLC ("Paradis") for an alleged violation of a recreational easement. In early 2004, Prairie Golf, LLC conveyed to BRMC, LLC a "perpetual, nonexclusive 'recreational

easement' upon, over, through and across [Prairie Golf's] property[.]" The easement was appurtenant to and ran with BRMC's property, which was to be subdivided into 52 single-family residential lots ("the Grayling Estates subdivision"). The easement instrument stated that "each purchaser/owner of a Lot shall be entitled to the benefit of this easement," which included the ability to play golf for free at a nearby golf course owned at the time by Prairie Golf. In exchange for the easement, BRMC, a developer, provided "off-site improvements" to Prairie Golf, purportedly worth more than $500,000.

In early 2006, the Terrells purchased a home in the Grayling Estates subdivision, which benefitted from the recreational easement. In April 2014, Paradis acquired the golf course subject to the recreational easement. In 2019, Paradis began developing property within the golf course boundary area. This development included converting a par five golf hole to a par three golf hole and removing a driving range. Paradis then developed residential lots on the excess property where the driving range and part of the par five golf hole used to be. Believing that these developments infringed upon their easement rights, the Terrells sued Paradis asserting four causes of action: (1) for a declaration of the parties' respective rights under the easement, (2) breach of contract, (3) quiet title, and (4) conversion.

The easement contained an arbitration provision, and the parties proceeded to arbitration for resolution of their dispute. The arbitrator rendered a decision in Paradis' favor, finding that none of Paradis' alterations to the golf course infringed upon the Terrells' easement rights because they were still able to play golf despite modest changes to the course.

Following the arbitration proceedings, Paradis filed, in the district court, a motion for an order modifying the arbitrator's decision, arguing it was entitled to attorney fees under Idaho Code section 12-120(3). Paradis maintained that it was entitled to all its fees incurred prior to, during, and after the arbitration. Initially, the district court found that the parties had entered into a commercial transaction under Idaho Code section 12-120(3). The district court found both the Terrells and Paradis were in privity with the original parties to the commercial transaction that created the recreational easement. The district court concluded this Court's holding in *Garner v. Povey*, 151 Idaho 462, 259 P.3d 608 (2011), required that attorney fees be awarded against the Terrells because the Terrells asserted in their complaint they were entitled to attorney fees under section 12-120(3). The district court awarded Paradis its reasonable attorney fees incurred prior to

and after arbitration, as well as for matters brought directly to the district court. However, the court denied Paradis' request for fees incurred during arbitration. The Terrells timely appealed.

## II.    ISSUES ON APPEAL

1. Did the district court err in awarding attorney fees against the Terrells pursuant to Idaho Code section 12-120(3)?

2. Is either party entitled to attorney fees and costs on appeal?

## III.    STANDARD OF REVIEW

A district court's decision to award attorney fees is generally reviewed under an abuse of discretion standard. *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 265, 483 P.3d 313, 322 (2021) (citing *Med. Recovery Servs., LLC v. Lopez*, 163 Idaho 281, 282, 411 P.3d 1182, 1183 (2018)). However, "when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies, which is a question of law over which this Court exercises free review." *Id.* (internal quotations and citation omitted). "The question of whether a district court correctly determined that a case is based on a commercial transaction for attorney fees purposes under Idaho Code section 12-120(3) is a question of law over which this Court exercises free review." *Carter v. Gateway Parks*, 168 Idaho 428, 441, 483 P.3d 971, 984 (citing *Garner*, 151 Idaho at 469, 259 P.3d at 615).

## IV.    ANALYSIS

### A.    The district court erred in awarding attorney fees to Paradis under Idaho Code section 12-120(3).

The Terrells challenge the district court's attorney fee award on several bases. First, the Terrells maintain that they never entered into a commercial transaction within the meaning of Idaho Code section 12-120(3). Second, the Terrells argue the prayer for relief in their complaint seeking attorney fees under section 12-120(3) cannot alone support the fee award. Finally, the Terrells assert this Court's decision in *Garner* does not require a fee award to Paradis because the Terrells' complaint did not allege they entered into a commercial transaction.

Paradis initially argues the Terrells failed to preserve the attorney fee issue because they never moved to vacate or modify the arbitrator's decision. However, even if they preserved the issue, Paradis asserts the Terrells' complaint contains factual allegations that establish a commercial transaction was integral to their dispute. Paradis argues that under *Garner*, the ultimate question of whether the parties entered into a commercial transaction is immaterial so long as the Terrells' complaint alleges they entered into one.

3

1. <u>The Terrells preserved the issue of attorney fees for appeal.</u>

As an initial matter, Paradis argues the Terrells did not preserve the issue of attorney fees for appeal because they did not properly move to vacate or modify the arbitrator's decision. The Terrells counter that they are only challenging the district court's award of attorney fees and, therefore, they were not required to seek modification of the arbitrator's award to preserve this issue.

We have held that a party preserves an issue for appeal by (1) properly presenting the issue with argument and authority to the trial court below and (2) noticing it for hearing or receiving an adverse ruling on the issue. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853–54 (2022). In the arbitration context, a party must bring a motion to vacate or modify an arbitrator's award under Idaho Code section 7-912(b) to properly preserve a challenge to the arbitrator's decision for appeal. *Pac. Alaska Seafoods, Inc. v. Vic Hoskins Trucking, Inc.*, 139 Idaho 472, 475, 80 P.3d 1073, 1076 (2003). However, an arbitrator only has authority to award attorney fees if there is an agreement between the parties that provides for the award of attorney fees. *Deelstra v. Hagler*, 145 Idaho 922, 925, 188 P.3d 864, 867 (2008). Absent an agreement between the parties, pre- and post-arbitration fees are matters for the district court to resolve. *See id.*; *Grease Spot, Inc. v. Harnes*, 148 Idaho 582, 587, 226 P.3d 524, 529 (2010) (citing *Deelstra*, 145 Idaho at 925, 188 P.3d at 867) (characterizing fee awards outside arbitration as matters for the district court).

In *Pacific Alaska*, both parties requested attorney fees from the arbitrator, which the arbitrator denied. 139 Idaho at 474, 80 P.3d at 1075. Neither party filed a motion for attorney fees with the district court prior to appealing the arbitrator's decision denying fees. *See id.* This Court held that to preserve the issue of attorney fees for appeal, the parties needed to first raise the issue with the district court. *Id.* at 475, 80 P.3d at 1076.

In *Deelstra*, the prevailing party in an arbitration filed a motion for attorney fees with the arbitrator. *See* 145 Idaho at 923–24, 188 P.3d at 865–66. The arbitrator concluded he did not have authority to award attorney fees in connection with the arbitration proceedings. *Id.* at 924, 188 P.3d at 866. The prevailing party then moved the district court for attorney fees for pre-arbitration, arbitration, and post-arbitration proceedings. *Id.* The district court granted the motion. *Id.* The opposing party appealed the attorney fee award, and this Court concluded the award of attorney fees incurred during the arbitration proceedings was improper. *Id.* at 925, 188 P.3d at 867. However, we held that the pre- and post-arbitration attorney fees were properly awarded. *Id.*

Paradis relies on *Pacific Alaska* in arguing that the Terrells have not preserved the issue of attorney fees for appeal. However, *Pacific Alaska* is distinguishable. There, the parties did not bring the issue of attorney fees to the district court, while here, Paradis sought attorney fees from the district court and fees were awarded in its favor. In contrast to *Pacific Alaska*, the facts here are nearly identical to those present in *Deelstra*. Paradis initially sought an award of attorney fees from the arbitrator, but the arbitrator concluded he was without authority to award the fees. Paradis then moved the district court for an award of fees. The district court concluded that an award for fees incurred during arbitration would be improper, but awarded fees for work performed pre-arbitration, post-arbitration, and for issues brought directly to the district court while arbitration was ongoing. Just like in *Deelstra*, the attorney fee issue was brought to the district court, the parties argued the issue before the district court, and the district court rendered a decision. We conclude that this was sufficient to preserve the issue for appeal.

2. <u>The district court erred in awarding attorney fees because the Terrells did not enter into a commercial transaction.</u>

The Terrells first assert that the district court erred in awarding attorney fees because they bought the real property at issue for their own residential use. As a result, the purchase of their personal residence does not constitute a commercial transaction. Paradis contends that the Terrell's invocation of Idaho Code section 12-120(3) in their complaint was sufficient to establish the existence of a commercial transaction.

The district court concluded that a commercial transaction existed and stated it was awarding fees primarily under *Garner*. In doing so, it explained that it interpreted *Garner* to mandate an award of attorney fees because the Terrells requested an award of attorney fees in their complaint and specifically cited section 12-120(3) as a basis for the fee award.

Idaho Code section 12-120(3) provides that, "in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." Under the statute, "[a] court must award attorney fees to the prevailing party in an action to recover on a 'commercial transaction.'" *Troupis v. Summer*, 148 Idaho 77, 81, 218 P.3d 1138, 1142 (2009) (citations omitted). In this context, "[t]he term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." Idaho Code § 12-120(3). We recently reaffirmed "that section 12-120(3) does not apply to the purchase of real property for personal use because 'the transaction lacks the required symmetry of commercial purpose[.]'" *Treasure Valley Home Solutions, LLC v. Chason*,

No. 49231, 2023 WL 1978242, at *6 (Idaho Feb. 14, 2023) (quoting *Goodspeed v. Shippen*, 154 Idaho 866, 874, 303 P.3d 225, 233 (2013)).

We hold that the district court erred in concluding that an award of fees was appropriate under section 12-120(3). The undisputed evidence established that the Terrells purchased the real property at issue for their personal use. The Terrells argued before the district court that there was no commercial transaction because they purchased the property for their personal, residential use. Paradis did not challenge this contention or submit any evidence to the contrary. Nor did the district court make a finding that the real property was purchased for a commercial use. As a result, both the parties and the district court appeared to agree that the Terrells purchased the real property as their personal residence. Accordingly, the Terrells' complaint concerned their ability to use their personal, residential property. Our caselaw is clear that transactions for personal or household purposes do not constitute a commercial transaction for purposes of section 12-120(3). We therefore reverse the district court's award of attorney fees to Paradis.

Our holding in *Garner* is consistent with our result today. In that case, we held that when a complaint alleges (1) the parties entered a commercial transaction <u>and</u> (2) that transaction entitles the plaintiff to attorney fees under Idaho Code section 12-120(3), the plaintiff is estopped from later attempting to abandon this position. *Garner*, 151 Idaho at 470, 259 P.3d at 616. A "mere request for attorney fees" pursuant to section 12-120 is insufficient to trigger this estoppel. *Id.*

In *Garner*, the plaintiffs brought an action to recover against the defendants for an alleged violation of their easement rights. *Id.* at 465, 259 P.3d at 611. The district court granted summary judgment to the defendants, and the defendants subsequently sought attorney fees under Idaho Code section 12-120(3). *Id.* The plaintiffs' complaint alleged they had entered into a commercial transaction *and* invoked section 12-120(3) as a basis for recovering their attorney fees. *Id.* at 466, 259 P.3d at 612. This Court held that the plaintiffs' request for attorney fees under section 12-120(3), coupled with their allegation in the complaint that the parties had entered into a commercial transaction, was sufficient for an award of attorney fees against the plaintiffs regardless of whether a commercial transaction was ultimately proven. *Id.* at 470, 259 P.3d at 616.

Here, there is no dispute that the Terrells invoked section 12-120(3) in their complaint as a basis to award attorney fees against Paradis. This does not end our inquiry, however. In order to estop the Terrells from contesting the existence of a commercial transaction, Paradis must also establish that the Terrells alleged the parties had entered into a commercial transaction.

6

On this point, the Terrells contend that their complaint does not contain such an allegation. In response, Paradis argues "[t]he Terrells' entire complaint was based upon a perceived violation or violations of the Easement. Thus, the Terrells' complaint including the attached Easement established that a commercial transaction was integral to the dispute." Paradis's defense of the district court's attorney fee award is based solely on the allegations contained in the Terrells' complaint.

In *Garner*, this Court concluded the plaintiffs' complaint alleged they had entered a commercial transaction based on the following language: "The purchase of the real estate by Gary and Nola from Povey Defendants *was a commercial transaction under Idaho Code Sec. 12-120(3) so Plaintiffs . . . should be entitled to recover their reasonable attorney fees* from Defendants Brad Povey and Lezia [sic] Povey." 151 Idaho at 470–71, 259 P.3d at 616–17 (emphasis altered). In this case, the Terrells' complaint contains no such language. Rather, the Terrells' invocation of section 12-120(3) simply requests that the district court "[a]ward Terrells costs and reasonable attorney's fees incurred herein pursuant to Idaho law, including without limitation Idaho Code sections 12-120(3) and 12-121[.]"

In support of their argument that the Terrells alleged a commercial transaction in their complaint, Paradis points to allegations concerning the creation of the easement by third parties not involved in this litigation and the Terrells' attachment of the easement document to their complaint. However, the paragraphs to which Paradis cites do not allege that Paradis and the Terrells had entered into a commercial transaction. Nor does the easement document establish that Paradis and the Terrells had entered into a commercial transaction. Paradis has not pointed to any allegations in the complaint that establish *the Terrells* had entered into a commercial transaction. As a result, Paradis fails to establish that the Terrells should be estopped from denying the existence of a commercial transaction pursuant to *Garner*.

In sum, the Terrells established that they purchased the real property at issue for their personal, residential use. As a result, their claims related to their use of the property associated with their personal residence were claims related to personal or household transactions, rather than commercial transactions. The Terrells' mere invocation of section 12-120(3) in their complaint, without any allegations establishing that the Terrells had entered into a commercial transaction, were insufficient to estop them from denying the existence of a commercial transaction for purposes of section 12-120(3). The district court therefore erred in relying on *Garner* to award

7

attorney fees to Paradis. Having determined that the district court erred in this regard, we need not address the remaining arguments asserted by the Terrells.

**B. We do not award either party attorney fees on appeal.**

Both parties request attorney fees on appeal. The Terrells claim they are entitled to attorney fees under Idaho Code section 12-121 because they believe this appeal was "defended frivolously, unreasonably, or without foundation." Idaho Code section 12-121 states that attorney fees may be awarded to the prevailing party when "the case was brought, pursued or defended frivolously, unreasonably or without foundation." "An award of attorney fees under Idaho Code section 12-121 is not a matter of right to the prevailing party, but is appropriate only when this Court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *In re Est. of Hirning*, ___ Idaho ___, ___, 519 P.3d 426, 438 (2022) (quoting *Seward v. Musick Auction, LLC*, 164 Idaho 149, 160, 426 P.3d 1249, 1260 (2018)). We conclude that Paradis has not defended this appeal frivolously, unreasonably, or without foundation. Paradis prevailed below and presented nonfrivolous arguments to support the district court's decision. Therefore, we decline to award the Terrells attorney fees on appeal.

Paradis asserts it is entitled to attorney fees under Idaho Code sections 12-121 and 12-120(3). Both statutes, however, only permit an award of attorney fees to the prevailing party on appeal. Since Paradis has not prevailed on appeal, it is not entitled to fees under either statute.

## V.  CONCLUSION

The district court's award of attorney fees to Paradis is reversed. We decline to award either party attorney fees on appeal. As the prevailing party, the Terrells are entitled to their costs pursuant to I.A.R. 40.

Chief Justice BEVAN, Justices BRODY, STEGNER, and MOELLER CONCUR.