950 P.2d 262

**Walter D. SNIPES and Dale Snipes, husband and wife, Plaintiffs–Respondents,**

v.

**Larry B. SCHALO and Princess E. Schalo, husband and wife, Defendants–Appellants.**

No. 22862.

Court of Appeals of Idaho.

Dec. 17, 1997.

Cooke, Lamanna, Smith, Cogswell & Elliott, Priest River, for appellants. Thomas E. Cooke argued.

Finney & Finney, Sandpoint, for respondents. Gary A. Finney argued.

PERRY, Judge.

Larry B. Schalo and Princess E. Schalo appeal an award of attorney fees to Walter D. Snipes and Dale Snipes. The underlying case was a trespassing cause of action filed by the Snipeses, in which the Schalos asserted, as a defense and counterclaim, the right to a prescriptive easement across the Snipeses' land. For the reasons set forth below, we vacate the award of attorney fees and remand to the district court for further proceedings.

## I.

### FACTS AND PROCEDURE

The Schalos bought their property in 1978. The Schalos' southern border abuts Lake Pend Oreille and the Schalos' eastern border abuts the Snipeses' property. The Snipeses bought their property in 1992. The Snipeses' property abuts Lake Pend Oreille on its southern border, Whiskey Jack Road on its northern border and the Schalos' property on part of its western border. There is a small private road on the western border of the Snipeses' property, which begins at Whiskey Jack Road on the northern portion of the property, extends down the border south and ends before it reaches Lake Pend Oreille.

The Schalos asserted at trial that they used the road from 1979 until suit was filed in 1993. The Schalos moved to California in 1979 and lived and worked there until 1992. During this time, the Schalos claimed they made trips to the property once every six weeks and would stay for seven to eight days at a time. Larry Schalo testified that while in Idaho, the Schalos cleaned up the forest on the eastern part of their property by removing debris and fallen timber, and had employees on the property doing similar work since 1979. Larry Schalo and two of his employees also testified that they used the access road, which runs north and south on the Snipeses' property, to access the eastern portion of the Schalos' property from 1979–1993.

The Snipeses presented several witnesses who testified the road was never used to access the Schalos' property. The Snipeses also called Sandra Sizelove, who lived and worked on the Schalos' property from 1989 to 1991. Sizelove testified there was no road access to the eastern portion of the Schalos' property. Sizelove further testified that the Schalos only visited the property once every six months and would only stay for about two or three days at a time.

Testimony at trial indicated that continuous use of the road was periodically interrupted. Sometime before 1978, Gerald Madsen, who owned the Snipeses' property from 1960 until 1978, constructed a gate which blocked vehicular access of the road. The last interruption occurred in 1991, when the Schalos asked Dick Villelli, the predecessor in interest to the Snipeses, whether the Schalos could use the road. The Schalos called Villelli on December 12, 1991, and requested that the Schalos' workers be permitted to use the access road to haul out some logs. The Schalos, however, contend that this was a mere courtesy and that they were not asking for Villelli's permission. Immediately thereafter, the Snipeses purchased the property from Villelli and, upon discovering that the Schalos were using the road, requested that they desist.

The Schalos continued to use the road, so the Snipeses brought a trespass and quiet title action against the Schalos on June 23, 1993. The Schalos admitted that they had used the road, but contended they were not liable for trespass because they had acquired a prescriptive easement over the subject road. The matter went to a bench trial, where the district court quieted title in the Snipeses, found the Schalos liable for trespass and awarded the Snipeses $100 in nominal damages. Additionally, the district court found the Schalos had defended the suit unreasonably and without foundation and awarded attorney fees to the Snipeses. The Schalos appeal. The Schalos argue that they presented evidence which could establish the right to a prescriptive easement in the road on the Snipeses' property. Thus, the Schalos assign error to the district court's finding that their claim was unreasonable and without foundation.

## II.

## DISCUSSION·

■ The Schalos contend that the district court's award of attorney fees was error. The Schalos also assert that the district court's written findings did not comply with I.R.C.P. 54(e)(2), because the findings failed to explain the basis and reasons for awarding the fees.

1. The district court found:

2. At the time of their acquisition of the property, the defendants were residing in California. They did not spend substantial time at the property on a regular basis until 1991 when Princess Schalo resigned from her employment position and March of 1992, when Larry Schalo resigned his position in California. During the period from February 1989, to October 1991, the Schalos visited their property approximately once every six months for about two or three days. For this finding, the Court relies on the testimony of Sandra Sizelove, wife of a caretaker, who resided on the property from February 1989 to October 1991.

3. Defendants claim a roadway has existed running south to Lake Pend Oreille from Whiskey Jack Road traversing the easterly boundary of their property since 1978.... [T]he evidence shows that a path to the lake existed on the Snipes' property, which was used by numerous persons over the years to access the lake. The

On January 9, 1996, the district court filed findings of fact and conclusions of law.[1] The district court found that the road was not developed until 1991 or 1992. Based on this finding, the district court concluded the Schalos had failed to establish a prescriptive easement, determined that the Schalos had defended the suit unreasonably and without foundation, and awarded attorney fees.

On October 25, 1996, the district court issued an opinion and order which attempted to better explain the reason attorney fees were awarded.[2] The district court determined that the Schalos' evidence, standing alone, would not prove the requirements of a prescriptive easement. Based on this finding, the district court overruled the Schalos' objection to the award of attorney fees.

■ We must decide whether the district court's award of attorney fees to the Snipeses was proper. Idaho Code Section 12–121, augmented by I.R.C.P. 54(e)(1), authorizes an award of attorney fees in a civil case brought or defended frivolously, unreasonably or without foundation. *Wing v. Amalgamated Sugar Co.,* 106 Idaho 905, 910, 684 P.2d 307, 312 (Ct.App.1984). An award of attorney fees at trial under I.C. § 12–121 and I.R.C.P. 54(e) is subject to reversal only upon a showing that the district court abused its discretion. *U.S. Nat. Bank of Oregon v. Cox,* 126 Idaho 733, 735, 889 P.2d 1123, 1125 (Ct. App.1995). While an award of attorney fees is within the unique discretion of the district

Court finds that the road over which defendants claim a prescriptive easement was not developed until December 1991 or very early in 1992. This road was constructed after Richard Villelli, plaintiffs' predecessor, gave permission to cross what is now plaintiffs' property.

2. The district court found:

[D]efendants (*sic*) case was utterly lacking in evidence to support the claim of prescriptive easement. In the Court's opinion, the defendants' evidence, even if considered without plaintiffs' evidence, would not support their claim of prescriptive easement. There was no clear and convincing evidence of any road access continuously used by defendants or their agents or their predecessors across plaintiffs' property onto defendants' property from Whiskey Jack Road across plaintiffs' property for any 5 year period. The plaintiffs' testimony was overwhelming as to the lack of any such access road onto defendants' property.

court, if the record itself discloses that the claim or defense was not frivolously pursued, an award of attorney fees cannot be upheld. *Black v. Young,* 122 Idaho 302, 309, 834 P.2d 304, 311 (1992).

■ Idaho Rule of Civil Procedure 54(e)(2) requires the district court, when it awards attorney fees pursuant to I.C. § 12–121, to make written findings as to the basis and reasons for awarding the fees. The purpose of requiring the district court to make specific findings of fact and conclusions of law is to afford the appellate court a clear understanding of the district court's decision, so that it may be determined whether the district court applied the proper law to the appropriate facts in reaching its conclusion. *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). The absence of adequate findings and conclusions of law will require a reversal of the judgment and remand for additional findings and conclusions. *Id.*

■ A misperception of the law, or of one's interest under the law is not, by itself, unreasonable. *Wing,* 106 Idaho at 911, 684 P.2d at 313. Rather, the question is whether the position adopted was not only incorrect, but so "plainly fallacious that it could be deemed frivolous, unreasonable or without foundation." *Id.*

The district court's findings in this case do not explain its decision to award attorney fees. In sum, the district court's written findings declare that the Schalos failed to present evidence establishing a prescriptive easement. It is unclear, from the district court's written findings, why it concluded that the Schalos' "case was utterly lacking in evidence to support the claim of prescriptive easement." Based on our review of the record, it appears that the Schalos presented evidence which could possibly establish the requirements of a prescriptive easement. The Schalos and two of their employees testified that the Schalos had been using the road to access their property since 1979. This evidence, standing alone, may be enough to establish a prescriptive right to use the road.

If the district court found that the Schalos' testimony was not credible, then it would need to explain its decision in written findings. Furthermore, if the district court decided the Schalos' position was plainly fallacious because the Schalos failed to establish a requirement under the law of prescriptive easements, then the district court would need to cite the law and explain how the Schalos' evidence failed to meet the specific requirements. For example, if the district court found that the Schalos did not meet the "continuous use" or "open and notorious" requirements of a prescriptive easement, then it would need to cite authority and explain why the Schalos' presentation of evidence did not meet those requirements. This would then allow the appellate court to determine whether the district court applied the proper law to the appropriate facts in reaching its conclusion.

Thus, we conclude it is necessary to vacate the award of attorney fees and remand for further determination by the district court. No costs or attorney fees are awarded to either party on appeal.

LANSING, C.J., and BENGTSON, J. pro tem, concur.