## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 36429

JACKIE LEE PAGE and TERESA JOLENE PAGE, )
)
)
Plaintiffs-Appellants, )
)
v. )
)
PETE PASQUALI III; THE RUPE COMPANIES, INC., an Oregon corporation dba LANDAMERICA TRANSNATION; and DOES 1 through 10, )
)
)
)
)
)
Defendants-Respondents, )
)
and )
)
FIRST AMERICAN TITLE COMPANY OF IDAHO, INC., an Idaho corporation, )
)
)
Defendant. )

Boise, December 2010 Term

2010 Opinion No. 139

Filed: December 23, 2010

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

District court grant of summary judgment, affirmed.

Mimura Law Offices, PLLC, Caldwell, for appellants. Randall S. Grove argued.

Deborah M. Nesset, Boise, argued for respondents.

---

BURDICK, Justice

The issue before this Court is the interpretation of a promissory note secured by a deed of trust. The language of the promissory note and deed of trust is clear. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Jackie and Teresa Page (the "Pages") purchased property (the "Property") in Placerville, Boise County, Idaho on October 18, 1995, and assumed an existing indebtedness in the principal amount of $48,919.61 under a promissory note (the "Note") executed on August 10, 1994, in favor of Respondent Pete Pasquali III (Pasquali). The Note was secured by a Deed of Trust on

1

the property. The Note accrued interest at a rate of eight percent per annum and was to be paid in monthly installments of $366.88.

In 2002, due to heavy snowfall and alterations that the Pages made to the Property, the Pages suffered roof damage and eventually received a settlement check under their insurance policy for $29,432.03. Pasquali, who was listed as the loss payee on the insurance policy, sent $21,432.03 of the settlement check (the "Payment") to Respondent Rupe Companies, Inc., dba LandAmerica Transnation ("Rupe") to be applied to the Note and gave the remaining $8,000 to the Pages. Rupe applied $201.80 from the Payment to the interest then owed on the Note and applied the rest of the Payment to pay down the principal debt.

On October 6, 2004, Rupe, acting as servicing agent on the Note, sent notices of default to the Pages for failure to make monthly payments, failure to pay 2003 property taxes and failure to provide evidence of homeowner's liability insurance as required by the terms of the note. The Plaintiffs filed for bankruptcy in an effort to stop the sale of their home but the petition was dismissed. On July 20, 2005, Respondent First American Title Company (First American), acting as successor trustee on the deed of trust, sold the Property at a trustee's sale.

The Pages filed a complaint on July 19, 2007, asserting the following causes of action: (1) negligence against Rupe in crediting and applying the payments; (2) breach of contract against Rupe for demanding payments that were not due; (3) breach of contract against Pasquali for sending the Notice of Default when all payments had been made; (4) conversion against First American for advertising and selling the Property; (5) breach of fiduciary duty against Rupe and First American for foreclosing on and selling the Property; (6) negligence against First American for not properly inquiring into the payments made on the Note or for misreading the Note's terms; and (7) infliction of emotional distress against Pasquali, Rupe and/or First American for causing distress, betrayal, anxiety and anger that has significantly impacted the Pages. Underlying each claim, the Pages argued that they never defaulted, and that their home was wrongfully sold, because the Payment should have been credited as fifty-eight future monthly payments instead of paid on the principal debt.

First American filed a motion for summary judgment on October 17, 2008, which was denied in part and granted in part on October 28, 2008.[1] Pasquali and Rupe filed a joint motion for summary judgment, which was granted on January 5, 2009. On January 15, 2009, the district court entered a judgment in favor of Pasquali and Rupe, dismissing all claims against them. On February 25, 2009, the district court denied the Pages' motion for reconsideration. On March 9, 2009, the district court entered a I.R.C.P. 54(b) certificate of final judgment. The Pages appeal from the district court's grant of summary judgment in favor of Pasquali and Rupe and from the denial of their motion for reconsideration.

## II. STANDARD OF REVIEW

As noted in *Vavold v. State*:

> When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. This Court exercises free review over questions of law.

148 Idaho 44, 45, 218 P.3d 388, 389 (2009) (quoting *Armstrong v. Farmers Ins. Co.*, 147 Idaho 67, 69, 205 P.3d 1203, 1205 (2009)).

As stated in *Elliot v. Darwin Neibaur Farms*:

> Construction of the meaning of a contract begins with the language of the contract. If the contract's terms are clear and unambiguous, the determination of the contract's meaning and legal effect are questions of law and the meaning of the contract and intent of the parties must be determined from the plain meaning of the contract's own words. If, however, the contract is determined to be ambiguous, the interpretation of the document is a question of fact which focuses upon the intent of the parties.
>
> In determining whether a contract is ambiguous, this Court ascertains whether the contract is reasonably subject to conflicting interpretation. The determination and legal effect of a contractual provision is a question of law where the contract is clear and unambiguous, and courts cannot revise the contract in order to change or make a better agreement for the parties.

138 Idaho 774, 779, 69 P.3d 1035, 1040 (2003) (internal citations and quotations omitted).

---

[1] Of the five claims against First American, the district court granted summary judgment in favor of First American on the claims of conversion, breach of fiduciary duty and negligent infliction of emotional distress but not on the claims of negligence and intentional infliction of emotional distress.

# III. ANALYSIS

## A. The Pages defaulted on the Note.

Pasquali, as beneficiary of the insurance policy, was free to determine how much of the insurance settlement to apply to the indebtedness remaining on the Note and how much to give to the Pages. The Deed of Trust, dated August 10, 1994, states in paragraph two:

> To protect the security of this Deed of Trust, Grantor Agrees: . . . To provide, maintain and deliver to Beneficiary [Pasquali] fire insurance satisfactory to and with loss payable to Beneficiary. *The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Grantor.* Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(Emphasis added). Pasquali gave $8,000 of the insurance settlement to the Pages and gave the Payment (the remaining $21,432.03) to the escrow holder, Rupe, to be applied to the Note. The Note permits prepayments, as it refers to "permitted prepayments." The Note also provides: "Unless otherwise specified hereinabove; *each payment shall be credited first on interest then due and the remainder on principal*, and interest shall thereupon cease upon the principal so credited." (Emphasis added). Rupe applied the Payment to the interest then due on the Note, $201.80, and applied the remainder of the Payment, $21,228.32, to the principal debt. There was no evidence of an agreement to treat the insurance proceeds any differently than the plain language of the Note and Deed of Trust instructed, and Pasquali and Rupe acted within the terms of the agreement.

The Pages argue that the Payment, after being applied to pay the interest then due, should have been credited to fifty-eight future monthly payments on the Note. The loan documents do not support this interpretation. Monthly payments consist of both interest and principal. The payment provision of the Note provides that each payment is to be credited first on interest then due and the remainder is to be applied to principal. When the Payment was made, only $201.80 in interest was then due. The remainder of the Payment, $21,228.32, therefore, had to be applied to principal, which is what Rupe did by applying $21,228.32 to the principal debt balance. Had Rupe instead credited $21,228.32 to future monthly payments, as the Pages argue should have been done, then the remainder would have been applied to both principal and interest, which conflicts with the terms of the Note.

4

Furthermore, even if we were to accept the Pages' argument, the Pages would still be in default. The failure to make monthly payments is only one of three grounds upon which the district court found the Pages were in default. The district court found that the Pages were also in default for failing to pay taxes and for failing to maintain insurance, but the Pages did not appeal these alternate grounds for summary judgment.

**B. Respondents are awarded attorney fees on appeal.**

Respondents request attorney fees pursuant to I.C. §§ 12-117, 12-121 and 12-123. Attorney fees pursuant to I.C. § 12-121 are "appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004). Since the Pages failed to argue that the alternative grounds for summary judgment were in error, we award attorney fees to Respondents pursuant to I.C. § 12-121. *See Andersen v. Professional Escrow Services, Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005) (awarding attorney fees pursuant to I.C. § 12-121 where appellants "failed to argue that the alternative grounds for granting the summary judgment were in error").

## IV. CONCLUSION

The summary judgment is upheld. Attorney fees and costs to respondents.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**

5