# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43836

| | |
|---|---|
| STEPHANIE ORNDORFF, fka STEPHANIE MARTINEZ,<br><br>      Petitioner-Respondent,<br><br>v.<br><br>JOHN PADLO,<br><br>      Respondent-Appellant. | ) 2016 Unpublished Opinion No. 672<br>)<br>) Filed:  September 7, 2016<br>)<br>) Stephen W. Kenyon, Clerk<br>)<br>) THIS IS AN UNPUBLISHED<br>) OPINION AND SHALL NOT<br>) BE CITED AS AUTHORITY<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge; Hon. Michael Reardon, Magistrate.

Order of the district court on intermediate appeal affirming the magistrate's judgment modifying the child custody, visitation, and child support decree, <u>affirmed</u>.

Legacy Law Group, PLLC; Tessa J. Bennett, Boise, for appellant.

Cosho Humphrey, LLP; Stanley W. Welsh, Boise, for respondent.

---

GUTIERREZ, Judge

John Padlo appeals from the district court's order on intermediate appeal affirming the magistrate's judgment modifying the child custody, visitation, and child support decree as between John Padlo and Stephanie Orndorff.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Padlo and Stephanie Orndorff are the parents of twin minor children born in 2009.  The parties were never married, but resided together when the children were born.  The parties later separated, stipulating to the entry of a paternity, child custody, visitation, and support decree in 2011.  This decree established that the parties would share physical custody of the minor children equally with a weekly rotating schedule.

1

In 2014, Stephanie filed a petition to modify the existing decree on the grounds that there had been a substantial, material change in circumstances since the latest decree. Upon Stephanie's motion, the court ordered a parenting time evaluation and appointed Dr. Ward as the evaluator. The parties received copies of Dr. Ward's completed evaluation, which recommended that Stephanie have primary physical custody of the minor children. During a subsequent pretrial conference, the court vacated the upcoming trial date. John then hired a different evaluator, Dr. Watts, to conduct a second parenting time evaluation. Stephanie did not participate in that evaluation. John then submitted Dr. Watts's evaluation to the court for its consideration.

During a preliminary hearing just before trial, John objected to the admissibility of Dr. Ward's oral testimony and written report on the grounds that it did not comply with Rule 719 of the Idaho Rules of Family Law Procedure. The magistrate found that the rule did not require the report's exclusion at that point. The magistrate then held a trial on the pending motion to modify the decree. During trial, Stephanie called Dr. Ward to testify regarding his evaluation. As Dr. Ward was about to testify as to his recommendation regarding a custody schedule for the minor children, John objected on foundational grounds. He argued that Dr. Ward failed to address the factors in Idaho Code § 32-717, as required by Rule 719. He specifically argued that in conducting his evaluation, Dr. Ward improperly failed to consider the relationship between John's fiancée Paulina's children and the minor children.[1] The magistrate sustained the objection, allowing Stephanie to lay additional foundation regarding Dr. Ward's consideration of the appropriate factors. Stephanie then asked for Dr. Ward's opinion on a custody schedule that would be in the best interests of the minor children and, without any objection from John, Dr. Ward opined that Stephanie should have primary physical custody.

John then called his expert witness, Dr. Watts, to testify. Dr. Watts stated that he was informed Stephanie would not be participating in Dr. Watts's evaluation, to which John offered

---

[1]     John and Paulina live together in a home with Paulina's children, who spend every weekend with their father at his home. John testified that if he was limited to weekend visitation with the minor children, their relationship with Paulina's children would be adversely affected by significantly limiting their ability to see one another.

Exhibit I to the magistrate as evidence of Stephanie's refusal.[2]  Stephanie objected to the relevance of Exhibit I and the magistrate sustained the objection.  Dr. Watts also acknowledged the effect of having only one party participate in his evaluation, stating that he would be unable to make a general custody recommendation that would involve the nonparticipating party.  The court thereafter constrained Dr. Watts's testimony, allowing him to opine regarding Dr. Ward's analysis, but prohibiting him from expressing his custody recommendation.

In rendering its decision, the magistrate first found that there had been a substantial and material change in circumstance since the entry of the last decree.[3]  The magistrate then considered the best interests of the minor children, pursuant to the factors enumerated in Idaho Code § 32-717.  The court acknowledged John's concerns regarding the relationship between the minor children and Paulina's children, stating:  "While I appreciate that there is a relationship that bears some earmarks of a familial relationship, what is in [Paulina's children's] best interests are not in front of me.  That--that's not one of my consideration[s].  I am focused strictly on [the minor children]."  After considering all of the factors, the magistrate found it was more likely than not in the minor children's best interests to be primarily in Stephanie's care.

The magistrate modified the prior child custody and support decree, awarding primary physical custody of the minor children to Stephanie.  John appealed to the district court, which affirmed the magistrate.  John timely appeals to this Court.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court.  The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings.  *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013).  If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the

---

[2]     This exhibit was purportedly a series of email exchanges between opposing counsel; however it was never admitted at trial, was not included in the record to the district court on intermediate appeal, and is not in the record on appeal before this Court.

[3]     This finding is not at issue.

3

district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

Modification of a child custody determination on the basis of material change in circumstances is within the sound discretion of the trial court and will not be altered on appeal unless there is a manifest abuse of discretion. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## A.     Admissibility of Dr. Ward's Parenting Time Evaluation

John first argues the district court erred in affirming the magistrate's admission of Dr. Ward's oral testimony and written report regarding his parenting time evaluation. The magistrate considered this evaluation in deciding the custody arrangement for the minor children. John asserts the magistrate abused its discretion by admitting the evaluation because Dr. Ward did not comply with the requirements of Rule 719. John specifically argues that in conducting his evaluation, Dr. Ward should have interviewed and observed Paulina and her children. John contends that because Paulina's children are an integral part of the minor children's home life, living in the same home together during the weekdays, the evaluator, in forming his opinion, was required to consider Paulina's children's relationship with the minor children.

As a preliminary matter, Stephanie argues the district court erred in finding the issue preserved for appellate consideration. Assuming, without deciding, that the issue was preserved, we conclude the evaluation was properly admitted for consideration by the magistrate.

The Idaho Rules of Family Law Procedure authorize the trial court to appoint a parenting time evaluator to "provide the Court with information it may consider to make decisions regarding custody and parenting time arrangements that are in the child's best interest." I.R.F.L.P. 719(A). Parenting time evaluations that are prepared according to the requirements set forth in Rule 719 are admissible, subject to cross-examination. I.R.F.L.P. 719(I). "The court may consider the information contained in the report in making a decision on the parenting plan,

4

and the Idaho Rules of Evidence do not exclude the report from consideration." I.R.F.L.P. 719(I).

John contends that Dr. Ward's evaluation did not conform with Rule 719 because Dr. Ward did not interview, observe, or consider Paulina's children in the evaluation. He argues that the evaluator's nonconformance rendered the report inadmissible. John points to the language of Rule 719(F) and I.C. § 32-717 to support his claim.

Rule 719(F)(2)(c) requires the evaluator to observe and consider each minor child's "quality of attachment to each parent and that parent's social environment" by "conducting age-appropriate interviews and observation of the child or children with each parent, stepparent(s), step- and half-siblings conjointly, separately, or both conjointly and separately." Rule 719(F)(3)(d) requires the evaluator to "address each factor set forth in Idaho Code Section 32-717." John points specifically to subsections (c) and (d) of Section 32-717, which provide:

> (1)     In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:
> . . . .
> (c)     The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
> (d)     The child's adjustment to his or her home, school, and community.

John contends that although Paulina's children were not stepsiblings at the time of the evaluation, they were nonetheless improperly excluded from consideration because they were part of the minor children's home environment with John, as both the minor children and Paulina's children lived in John's home on weekdays. He argues that Dr. Ward "wholly failed to observe the minor children's actual home environment" by "ignoring everyone in the home, with the exception of John."

John's arguments seemingly urge this Court to hold that the requirements of Rule 719(F) and I.C. § 32-717, taken together, require a parenting time evaluator to consider all individuals residing in a parent's home. While we agree that it is beneficial for an evaluator to consider as much relevant information as possible in completing a parenting time evaluation, we cannot say that Dr. Ward erred by not specifically considering Paulina's children, either through interview or observation. Nowhere in the statutory language is an evaluator required to consider, observe, or interview other individuals that may be residing in a parent's home. Such a broad

5

interpretation of the rule and statute would provide grounds to invalidate an evaluation based upon an evaluator's objective assessment of which individuals are relevant to the trial court's custody consideration. However, the purpose of an evaluation is to guide the trial court in making a custody determination, not to provide the sole source of information for the trial court's consideration. Therefore, we cannot say it was error for the evaluator to omit consideration of Paulina's children.

Moreover, to the extent John argues that Dr. Ward's evaluation was otherwise deficient under the rule and statute, we disagree with John's assessment. During trial, Dr. Ward stated that he observed each parent with the minor children during sessions at the office, at a park, and at each parent's respective home. Dr. Ward also testified that both parties were given an opportunity to present any additional information they wanted Dr. Ward to consider in completing the evaluation. He even left it up to the parties to decide who they wanted to have at their homes during the scheduled home visit. Regarding the amount of information he gathered, Dr. Ward testified:

> I felt like I had plenty of opportunity to get to know the concerns of both parents. Neither--and plenty of time to observe parent/child interactions. So, all that I felt very complete. I reviewed all the documents that were provided.
>
> The--neither--neither parent expressed any con--significant concerns about the--the either the fiancée or the step-parent. So, I didn't interview them individually, I didn't perform any psychological testing on them.
>
> The interactions I observed between the--the--Paulina and the children was--were positive, same thing with [Stephanie's husband]. So, I didn't have any concerns there.

The testimony offered by Dr. Ward evidences his consideration of the minor children's quality of attachment to each parent and adjustment to the home environments, as required by Rule 719 and I.C. § 32-717. Thus, there is substantial and competent evidence in the record to support the magistrate's finding that Dr. Ward complied with the requirements of Rule 719 such that the evaluation was admissible per Rule 719(I). Therefore, the district court did not err in affirming the magistrate's admission of Dr. Ward's parenting time evaluation.

B.      **Admissibility of Dr. Watts's Testimony**

We next turn to John's argument that the district court erred in affirming the magistrate's exclusion of Dr. Watts's opinion regarding the best interests of the minor children and Dr. Watts's custody recommendations. The trial court has broad discretion in determining the admissibility of testimonial evidence. A decision to admit or deny such evidence will not be

6

disturbed on appeal absent a clear showing of abuse of that discretion. *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 199, 879 P.2d 1126, 1132 (1994).

During trial, the magistrate did not allow Dr. Watts to opine on the ultimate issue in the case--the best interests of the minor children. The magistrate stated as follows:

> I'm--I'm not going to allow you, Dr. Watts, to talk about best interests of the children based upon your experience of Mr. Padlo. It--it--it falls short of the standards required in order to render that decision when you don't have, as you've pointed out, an opportunity to visit with both sides.
> So, you're free to comment on methodology that Dr. Ward used, from a general perspective. You're--you're not free to apply your personal experience with one side to the conclusions that he's made, having had the opportunity to review both sides.

In John's briefing, he appears to contend exclusively that the magistrate's improper exclusion of evidence regarding Stephanie's refusal to participate in Dr. Watts's evaluation formed the basis for the magistrate's subsequent exclusion of Dr. Watts's testimonial evidence. However, for this argument to carry any persuasive value, John must first show that Stephanie was required to participate in the evaluation.

Regarding Stephanie's participation in the evaluation, ordinarily, when a court orders the completion of a parenting time evaluation, both parties are expected to cooperate with the evaluator's requests. *See* I.R.F.L.P. 719(E)(2)(b) and (d). However, we are unaware of any similar provision requiring that a party cooperate with an evaluator in the absence of a court order. Notably absent from the record is any evidence that the court ever authorized a second parenting time evaluation to be conducted by Dr. Watts. In fact, the record contradicts this assertion, as there is only one "Order for Parenting Time Evaluation." John contends this second evaluation was discussed and agreed to by the parties in chambers. Unfortunately, the record does not include a transcript of conferences held in chambers or any other mention of the alleged agreement or purported order. Absent evidence that the evaluation by Dr. Watts was court-ordered pursuant to Rule 719, Stephanie was not required to participate in Dr. Watts's evaluation. *See Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).

Moreover, John does not provide this Court with argument or authority to support holding that the magistrate was nonetheless required to admit and consider Dr. Watts's opinion where only one party to the action participated in the evaluation. Therefore, in the absence of argument or authority, we decline to consider this issue further on appeal. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

**C.      Admissibility of Evidence of Stephanie's Refusal to Participate**

John next argues the district court erred in affirming the magistrate's exclusion of evidence regarding Stephanie's failure to participate in Dr. Watts's evaluation. The district court sustained Stephanie's relevancy objection. As an initial matter, we note that, as discussed above, absent a court order, Stephanie was not required to participate in a second parenting time evaluation. Therefore, there was no error in the district court's finding that evidence of Stephanie's refusal to participate is not relevant for the purpose of showing that the incomplete evaluation should nonetheless be admissible.

Moreover, upon review of the record, there is no indication that John challenged the magistrate's exclusion of Exhibit I to the district court on intermediate appeal. In his notice of appeal to the district court, John presented the issue as "whether the court erred or abused its discretion in denying the admission of evidence that Petitioner refused to participate in a custody evaluation ordered or allowed by the court." Neither party's appellate briefs in the district court are included in the record on appeal. Also absent from the record is the transcript of the appellate oral argument before the district court. Although the district court's opinion references the admissibility of Dr. Watts's trial testimony regarding a conversation between Dr. Watts and John's attorney, the district court never mentions Exhibit I or any other email exchange between attorneys.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Based on the record before us, we cannot say that the issue of the admissibility of Exhibit I was ever presented to the district court. An issue not presented to the district court in an intermediate appeal will not be decided by a higher court. *Barmore v. Perrone*, 145 Idaho 340, 344, 179 P.3d 303, 307 (2008). Absent any evidence that the issue of the admissibility of Exhibit I was presented to the district court, we will not presume that the district court erred by not considering this issue specifically. Therefore, because the admissibility of Exhibit I was not raised below, we decline to consider it for the first time on appeal to this Court. *See Sadid v. Idaho State Univer.*, 151 Idaho 932, 941, 265 P.3d 1144, 1153 (2011).

**D.      Award of Primary Physical Custody to Stephanie**

Finally, John argues the district court erred in affirming the magistrate's award of primary physical custody to Stephanie.  John maintains that because the magistrate erred by not considering Exhibit I and the opinion testimony of Dr. Watts, the award of primary physical custody to Stephanie was an abuse of discretion because the magistrate did not consider all of the available evidence.  However, as discussed in the preceding sections, there was no error in the exclusion of Exhibit I or in the exclusion of Dr. Watts's testimony.  Because the exclusion of this evidence is the sole basis for John's assignment of error, and because there was no error, we end our inquiry into whether the magistrate abused its discretion in awarding primary physical custody to Stephanie.  *See Stewart v. Sun Valley Co.*, 140 Idaho 381, 384, 94 P.3d 686, 689 (2004) (holding it is not the duty of the Court to search the record for error).  Thus, we conclude the district court did not err in affirming the magistrate's custody determination.

**E.      Attorney Fees and Costs on Appeal**

As the prevailing party on appeal, Stephanie is awarded costs.  Both parties also request attorney fees.  John requests attorney fees pursuant to I.C. §§ 12-121 and 12-123.  However, John is not entitled to attorney fees on appeal because he is not the prevailing party.  *See* I.C. § 12-121; *Lamont v. Lamont*, 158 Idaho 353, 362, 347 P.3d 645, 654 (2015).

Stephanie requests attorney fees pursuant to I.C. § 12-121.  Under I.C. § 12-121, a prevailing party can recover attorney fees if the claim was brought, pursued, or defended frivolously, unreasonably, or without foundation.  *Page v. Pasquali*, 150 Idaho 150, 153, 244 P.3d 1236, 1239 (2010).  A claim is not frivolous or lacking merit simply because it ultimately fails.  *Edwards v. Donart*, 116 Idaho 687, 688, 788 P.2d 809, 810 (1989).  We decline Stephanie's request for attorney's fees because John's arguments were not frivolous, unreasonable, or without foundation.

### III.
### CONCLUSION

John has not shown that the magistrate erred in considering Dr. Ward's evaluation, nor has he shown that the magistrate erred in excluding evidence of Dr. Watts's opinion testimony.  Further, John has not shown an abuse of discretion in the magistrate's award of primary custody to Stephanie.  Therefore, we affirm the district court's affirmance of the magistrate's judgment

9

modifying the decree of custody, visitation, and child support as between John and Stephanie. Stephanie is awarded costs.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.