# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 52012-2024

| | | |
|---|---|---|
| MEDICAL RECOVERY SERVICES, LLC, an Idaho limited liability company, | ) ) ) | |
| Plaintiff-Counterdefendant-Appellant, | ) ) ) | Boise, August 2025 Term |
| v. | ) ) | Opinion filed: January 22, 2026 |
| TAYLOR L. WOOD, | ) ) | Melanie Gagnepain, Clerk |
| Defendant-Counterclaimant-Respondent. | ) ) ) | |
| TAYLOR L. WOOD, | ) ) | |
| Third Party Plaintiff-Respondent, | ) ) ) | |
| v. | ) ) | |
| MEDICAL RECOVERY SERVICES, LLC, an Idaho limited liability company; and INTERMOUNTAIN EMERGENCY PHYSICIANS, PLLC, | ) ) ) ) ) | |
| Third Party Defendants-Appellants. | ) ) ) ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The decision of the district court is affirmed.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for Appellant. Bryan D. Smith submitted argument on the briefs.

Wilkerson Law Group, Idaho Falls, for Respondent. Larren K. Covert submitted argument on the briefs.

---

ZAHN, J.

This appeal concerns a district court's order (1) finding that Taylor L. Wood was the prevailing party in a collection action below and (2) awarding her costs and attorney fees. Medical

Recovery Services, LLC ("MRS") and Intermountain Emergency Physicians, PLLC ("IEP") request reversal of that order. For the reasons explained below, we conclude that this Court does not have jurisdiction to review the district court's order deciding those issues because the notice of appeal from that order was untimely. However, the notice of appeal filed by MRS and IEP from the district court's decision denying their second motion for reconsideration was timely. While this Court has jurisdiction to review the denial of the second motion for reconsideration, MRS and IEP failed to provide argument or authority concerning how the district court erred in denying the motion and have thus waived that issue on appeal. Therefore, we affirm the district court's decision denying their second motion for reconsideration.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The litigation below arose out of medical debt allegedly owed to IEP by Wood. Wood, her husband, and her son received care from physicians employed by IEP. IEP assigned the medical debt associated with that care to MRS for collection. When Wood was contacted by MRS regarding the debt, her attorneys threatened legal action and alleged violations of the Idaho Patient Act and the Idaho Consumer Protection Act. The Woods and IEP then executed a settlement agreement to resolve the debt. The agreement, which was between the Woods and "Intermountain Emergency Physicians, LLC, R1 RCM, Inc., Medical Recovery Services, LLC, alongside all affiliates of each," discharged the debt, mutually released all claims, and required IEP to pay $6,000 to the Woods.

Roughly four months later, MRS filed suit against Wood to collect the debt. Wood answered, counterclaimed, and attached the settlement agreement to show that the debt was resolved. Wood also impleaded IEP as a third-party defendant. MRS later voluntarily dismissed its complaint "on the grounds and for the reasons that at the time [MRS] filed the complaint, [MRS] was unaware that [IEP] and Taylor L. Wood had entered a settlement agreement cancelling the debt at issue in the complaint." IEP moved for dismissal of Wood's claims against it, which the district court granted. The district court granted a motion by MRS to dismiss three of Wood's six counterclaims against it, leaving three of Wood's counterclaims remaining against MRS. Wood then voluntarily dismissed those claims because, according to Wood, she was satisfied with the result, including dismissal of MRS's complaint, IEP's acknowledgment of the settlement agreement, and the removal of the alleged debt from her credit report. The district court entered judgment on July 18, 2023, dismissing all claims against all parties.

2

MRS and IEP jointly moved the district court to determine that they were the prevailing parties against Wood. Wood then filed a motion requesting that the district court determine that she was the prevailing party against both MRS and IEP. Both motions focused largely on the effect of the settlement on the alleged debt and when MRS was or should have been aware of the settlement.

On October 20, 2023, the district court entered an Order Granting Defendant's Motion for Attorney Fees and Costs ("Order on Costs and Fees"). The district court determined that Wood was the prevailing party over MRS. The district court ordered MRS to pay Wood's costs and attorney fees in the amount of $19,282.50. The district court's decision was based largely on the proposition that the complaint filed by MRS, which initiated the litigation, was frivolous and resulted from the failure of MRS and IEP to communicate regarding the settlement, as well as MRS's failure to properly investigate the debt and discover the settlement agreement before filing suit. Five days later, on October 25, 2023, the district court entered a "Judgment" awarding Wood the previously ordered costs and fees.

MRS and IEP filed a motion for reconsideration on November 7, 2023, contending that the district court's Order on Costs and Fees "contains material errors of law and fact resulting in the [c]ourt's having abused its discretion and creating reversible error." The district court denied the motion in an order entered on February 26, 2024, determining that "MRS and [IEP] have not shown that [the Order on Costs and Fees] should be reconsidered."

On March 6, 2024, MRS and IEP filed a second motion for reconsideration, asking the district court to reconsider the denial of their first motion for reconsideration. They asked the district court to find "that MRS did not file this action against [Wood] frivolously" and that "they are prevailing parties on the third-party complaints filed against them by [Wood]," and to "award MRS and IEP a reasonable award of attorney fees." The district court denied the second motion for reconsideration in an order entered May 24, 2024.

MRS and IEP filed a notice of appeal on June 25, 2024.

## II.    ANALYSIS

### A.  This Court lacks jurisdiction to grant the relief requested by MRS and IEP.

On appeal, MRS and IEP request reversal of the district court's Order on Costs and Fees. While no party raised concerns regarding this Court's jurisdiction, "subject matter jurisdiction is an issue that this Court may raise sua sponte at any time." *Carter Dental, P.A. v. Carter*, 174 Idaho

3

131, 138, 551 P.3d 1225, 1232 (2024) (citation modified) (quoting *Johnson v. Blaine County*, 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009)). "The timely filing of a notice of appeal is jurisdictional." *Id.* (quoting *T.J.T., Inc. v. Mori*, 148 Idaho 825, 826, 230 P.3d 435, 436 (2010)); *see also* I.A.R. 21 ("The failure to physically file a notice of appeal . . . within the time limits prescribed by these rules, shall be jurisdictional and shall cause automatic dismissal of such appeal or petition, upon the motion of any party, or upon the initiative of the Supreme Court."). For the reasons explained below, MRS and IEP did not file a timely notice of appeal from the Order on Costs and Fees, and therefore this Court does not have jurisdiction to review it or grant their requested relief.

An order awarding attorney fees and costs after entry of final judgment is appealable as a matter of right under Idaho Appellate Rule 11(a)(7). The time to file a notice of appeal is dictated by Idaho Appellate Rule 14. Subject to an exception addressed below, the rule generally requires the notice of appeal to be filed within forty-two days of the date the order was entered. I.A.R. 14(a). The district court's Order on Costs and Fees was entered on October 20, 2023. MRS and IEP filed their notice of appeal on June 25, 2024, more than eight months later. Absent some exception to the general rule that a notice of appeal must be filed within forty-two days of the order appealed from, MRS and IEP did not timely appeal the Order on Costs and Fees.

Rule 14 contains a potentially relevant exception. It provides that "[t]he time for an appeal from any . . . order in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action . . . ." I.A.R. 14(a). "A motion for reconsideration falls under this category." *Evans v. Wright*, 174 Idaho 330, 336, 554 P.3d 591, 597 (2024).

Where a motion for reconsideration terminates the time to appeal from an order under Rule 14(a), the time to appeal from the order "commences to run upon the date of the clerk's filing stamp on the order deciding such motion." I.A.R. 14(a). Here, MRS and IEP filed two motions for reconsideration after the district court entered its Order on Costs and Fees. Their notice of appeal was filed within forty-two days of the district court's order denying the second. If the time to appeal from the Order on Costs and Fees was terminated by either of the motions for reconsideration, the time to appeal would begin anew when the district court decided the motions.

The theory that this Court has jurisdiction to review the Order on Costs and Fees relies on two assumptions. First, it assumes that both motions for reconsideration were timely. Second, it

assumes that a party can file successive, timely motions for reconsideration that continually extend the time to appeal. We only address the first assumption because it is dispositive. We hold that the first motion for reconsideration was untimely and therefore did not extend the time for MRS and IEP to appeal the district court's Order on Costs and Fees.

Only a timely motion for reconsideration terminates the time to appeal. I.A.R. 14(a) (providing that time to appeal is terminated "by the filing of a timely motion"); *see also Evans*, 174 Idaho at 336, 554 P.3d at 597 (holding that motion for reconsideration terminates the time to appeal only if it is timely); *Dep't of Env't Quality v. Gibson*, 166 Idaho 424, 435, 461 P.3d 706, 717 (2020) (same). If the first motion for reconsideration was untimely, it did not terminate the time to appeal from the Order on Costs and Fees. In that event, the time to appeal from the Order on Costs and Fees expired forty-two days after it was entered, well before MRS and IEP filed their notice of appeal.

Idaho Rule of Civil Procedure 11.2(b) governs the timeliness of motions for reconsideration:

> A motion to reconsider any order of the trial court entered before final judgment may be made at any time prior to or within 14 days after the entry of a final judgment. A motion to reconsider an order entered after the entry of final judgment must be made within 14 days after entry of the order.

I.R.C.P. 11.2(b)(1). The rule distinguishes between motions for reconsideration of pre-judgment orders and motions for reconsideration of post-judgment orders. Motions to reconsider pre-judgment orders are required to be filed any time *before or within fourteen days of the final judgment. See id.* In contrast, motions for reconsideration of post-judgment orders are required to be filed *within fourteen days of the post-judgment order* that is the subject of the motion. *See id.*

This Court requested that the parties submit supplemental briefing to address the timeliness of the first motion for reconsideration and its effect on this Court's jurisdiction. In that briefing, MRS and IEP argue that the first motion for reconsideration was timely because the Order on Costs and Fees was a *pre-judgment order*. They contend this is so because it was entered before the second Judgment dated October 25, 2023, which awarded the costs and attorney fees described in the Order on Costs and Fees. They argue that the first motion for reconsideration was timely filed within fourteen days of the second Judgment awarding costs and fees. As MRS and IEP acknowledge, this argument hinges on the proposition that the Order on Costs and Fees was "entered before final judgment," which in turn hinges on the proposition that the Judgment entered

on October 25, 2023, was a "final judgment" as that phrase is used in Idaho Rule of Civil Procedure 11.2.

However, we hold that the second Judgment was not a "final judgment" according to this Court's rules and caselaw. Idaho Rule of Civil Procedure 54(a)(1) defines what constitutes a final judgment. *See Taylor v. Riley*, 162 Idaho 692, 704–05, 403 P.3d 636, 648–49 (2017) (noting that "Rule 54(a) has been amended to clearly define what constitutes a final judgment" and looking to that definition to determine the timeliness of a motion for reconsideration); *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 912, 332 P.3d 815, 824 (2014) (looking to the definition of "final judgment" in Rule 54(a) to determine whether a motion for reconsideration was timely). That rule generally provides that a judgment is "final" when it resolves "all claims for relief, except costs and fees, asserted by or against all parties in the action." I.R.C.P. 54(a)(1). The first Judgment entered by the district court on July 18, 2023, satisfies that definition. It resolved all claims for relief against all parties.

In their supplemental briefing, MRS and IEP concede that the first Judgment entered on July 18, 2023, was final. Nevertheless, they appear to contend that the second Judgment entered on October 25, 2023, which included the attorney fees and costs awarded in the Order on Costs and Fees, was also final. However, the second Judgment does not satisfy the definition of "final judgment" in Rule 54(a)(1). As previously discussed, that definition focuses on the resolution of "claims for relief" and expressly makes any determination regarding entitlement to costs and attorney fees irrelevant to whether a judgment is a final judgment.

The "entitle[ment] to attorney fees . . . is not a claim for relief. There is not a cause of action for such attorney fees. Attorney fees are simply costs awarded incident to prevailing on a cause of action." *Est. of Holland v. Metro. Prop. & Cas. Ins. Co.*, 153 Idaho 94, 100–01, 279 P.3d 80, 86–87 (2012) (citations omitted); *see also Harrison v. Certain Underwriters at Lloyd's, London*, 149 Idaho 201, 206 n.1, 233 P.3d 132, 137 n.1 (2010) ("Because there is no cause of action to recover court costs or attorney fees incurred in defending this lawsuit, any right to recover court costs or attorney fees is not a claim for relief."). Accordingly, the second Judgment did not resolve a claim for relief but instead only addressed the entitlement to costs and fees, an issue which is not included in the criteria that define a final judgment. *See* I.R.C.P. 54(a)(1).

The cases cited by MRS and IEP do not prove otherwise. First, MRS and IEP cite this Court's characterization of a final judgment as one that "ends the lawsuit, adjudicates the subject

matter of the controversy, and represents a final determination of the rights of the parties." *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 620, 226 P.3d 1263, 1267 (2010) (quoting *Camp v. E. Fork Ditch Co.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002)). According to MRS and IEP, the second Judgment satisfies that definition because it ended the lawsuit and resolved the question of entitlement to costs and attorney fees, which was the "only issue remaining."

As previously discussed, the issue of entitlement to costs and attorney fees was not the "subject matter of the controversy," and resolving that issue was not a "final determination of the rights of the parties" that ended the lawsuit. *See Spokane Structures, Inc.*, 148 Idaho at 620, 226 P.3d at 1267. The subject matter of the lawsuit was an attempt to collect an allegedly unpaid debt. Even after a trial court enters a final judgment resolving the lawsuit, it retains jurisdiction to address "collateral issues which do not go to the merits of the action," such as "costs[ and] attorney fees." *Inland Grp. of Cos. v. Obendorff*, 131 Idaho 473, 474–75, 959 P.2d 454, 455–56 (1998); *see also Straub v. Smith*, 145 Idaho 65, 69, 175 P.3d 754, 758 (2007) (holding that "costs and attorney fees are collateral issues which do not go to the merits of an action" and "can be awarded after a suit is terminated"). The claims and counterclaims asserted by the parties were the "subject matter" of the controversy. When the district court dismissed those claims and counterclaims, the district court made a final determination as to the parties' rights and ended the lawsuit.

Second, MRS and IEP cite *Contreras v. Rubley*, 142 Idaho 573, 130 P.3d 1111 (2006), and *Bagley v. Thomason*, 149 Idaho 799, 241 P.3d 972 (2010), as purportedly providing "specific instances where this Court addressed on appeal an award of attorney fees and costs in what were necessarily attorney fees and costs awards reduced to 'final judgments' and entered after a prior final judgment." While both cases did address the propriety of an award of attorney fees, neither addressed whether a judgment including previously awarded fees and costs restarted the time to appeal. As a result, neither supports their position that the second Judgment restarted their time to file a notice of appeal.

For the reasons discussed above, we hold that the district court's Order on Costs and Fees was entered after final judgment. Under Idaho Rule of Civil Procedure 11.2(b)(1), a motion to reconsider that order would be timely only if it was filed within fourteen days of the date the order was entered. The first motion for reconsideration filed by MRS and IEP was not. Therefore, it was untimely and did not terminate the time to appeal from the Order on Costs and Fees. The notice of

appeal was not filed within forty-two days of that order. This Court therefore lacks jurisdiction to review the Order on Costs and Fees.

However, the notice of appeal was timely filed following the issuance of the order denying the second motion for reconsideration. While this Court has jurisdiction to review the denial of the second motion for reconsideration, MRS and IEP have waived that issue on appeal. The second motion for reconsideration argued that the district court erred in denying the first motion for reconsideration. MRS and IEP do not articulate how the district court erred in denying the second order on the motion for reconsideration. "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 627, 474 P.3d 683, 699 (2020) (quoting *AgStar Fin. Servs., ACA v. Nw. Sand & Gravel, Inc.*, 161 Idaho 801, 815–16, 391 P.3d 1271, 1285–86 (2017)). MRS and IEP's failure to address the district court's order denying their second motion for reconsideration in their opening brief constitutes a waiver of any challenge to that order.

Moreover, the relief sought in MRS's and IEP's opening brief is reversal of the district court's Order on Costs and Fees. For the reasons previously discussed, we lack jurisdiction to consider the merits of that decision and therefore cannot award the relief requested on appeal. As a result, we affirm the district court's denial of the second motion for reconsideration filed by MRS and IEP.

## B. The parties are not entitled to an award of attorney fees on appeal.

Each party requests attorney fees on appeal. MRS and IEP are not entitled to fees because they are not the prevailing parties. Wood requests fees pursuant to Idaho Code section 12-121. An award of attorney fees pursuant to Idaho Code section 12-121 is "appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Page v. Pasquali*, 150 Idaho 150, 153, 244 P.3d 1236, 1239 (2010) (quoting *Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004)). Though the appeal brought by MRS and IEP is unsuccessful, an unsuccessful appeal is not necessarily frivolous. "Rather, the question is whether the position adopted was not only incorrect, but so plainly fallacious that it could be deemed frivolous, unreasonable, or without foundation." *Garner v. Povey*, 151 Idaho 462, 468, 259 P.3d 608, 614 (2011) (quoting *Snipes v. Schalo*, 130 Idaho 890, 893, 950 P.2d 262, 265 (Ct. App. 1997)). Though unsuccessful, the arguments made by MRS and

IEP, both as to the scope of this Court's jurisdiction and the merits of their appeal, are not so plainly fallacious as to be frivolous, unreasonable or without foundation.

## III.  CONCLUSION

For the foregoing reasons, we do not address the merits of the district court's order awarding costs and attorney fees to Wood, and we affirm the district court's order denying MRS and IEP's second motion for reconsideration of that order. Wood is entitled to costs on appeal.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.